FILED

2007 Feb-06 PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISON

| | | |
|---|---|---|
| **JAMES CHADWICK MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **GLOBAL ASSET INVESTIGATION** | ) | |
| **SERVICES, LLC; FIRST AMERICAN** | ) | |
| **INVESTMENT CO., LLC; ACCOUNT** | ) | |
| **MANAGEMENT SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants[1] state as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) regarding improper collection activities.  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.    This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] The individual collectors will be named once their identity is determined through discovery.

3.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

### Parties

4.      The Plaintiff, JAMES CHADWICK MILLER ["Plaintiff"], is a natural person who resides within this Judicial District.

5.      Defendant GLOBAL ASSET INVESTIGATION SERVICES ["Defendant Global"] is a foreign company that engages in the business of debt collection in Alabama and other States. Its principle place of business is outside the State of Alabama.

6.      Defendant ACCOUNT MANAGEMENT SERVICES, LLC ["Defendant AMS"] is a foreign company that engages in the business of debt collection in Alabama and other States. Its principle place of business is outside the State of Alabama.

7.      Defendant FIRST AMERICAN INVESTMENT COMPANY, LLC ["Defendant FAMIC"] is a foreign company that engages in the business of debt collection in Alabama and other States. Its principle place of business is outside the State of Alabama.

### Factual Allegations

8.      In January 2007, Plaintiff's grandmother, Audry Miller, received a phone call from Defendant Global stating the following:

   a.   It was urgent Plaintiff call Defendant Global.

     b.  Criminal charges were going to be filed or had been filed against Plaintiff

9.     Plaintiff's grandmother called Plaintiff to tell him of the urgency of this matter as criminal charges had been or were about to filed against Plaintiff.

10.    Plaintiff called Defendant Global and was told the following:

     a.  A civil complaint was being filed against him.

     b.  An IRS audit was or would be conducted against him.

     c.  Criminal charges were pending.

     d.  His employer would be called to begin garnishment of his wages.

     e.  Defendant Global represented Discover Card.

     f.  Defendant Global denied it was a debt buyer when asked by Plaintiff.

     g.  Defendant Global stated it had mountains of paperwork Plaintiff had to go through but all of the above items (complaint, IRS, criminal, etc) could be avoided if Plaintiff paid the debt that very day.

     h.  When Plaintiff asked "what do I have to do" he was transferred to an "Audit Department" or some similar sounding department.

     i.  At this department Plaintiff was told the call was being recorded and would constitute a binding verbal contract so Plaintiff hung up without agreeing to anything.

11.    The debt collector Defendant Global is allegedly collecting on is a Discovery Card debt that the Plaintiff has not used or made a payment on in over six years.

12.    The debt being collected is a debt as defined under the FDCPA.

13.    Plaintiff is a consumer as defined by the FDCPA.

14.  Defendants AMS and FAMIC are believed to own or otherwise attempt to collect on this debt and hired Defendant Global to collect on this debt from the Plaintiff.

15.  Defendants AMS and FAMIC are responsible for the acts of its agent, Defendant Global, as all acts were taken with the direct approval of Defendants AMS and FAMIC and all acts of Defendant Global were done in the line and scope of its agency relationship with Defendants AMS and FAMIC.

16.  Defendants AMS and FAMIC are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), as they purchased this debt when it was allegedly in default.  Alternatively, Defendants AMS and FAMIC do not own the debt but instead are collecting on it for some unknown entity.

17.  Defendant GLOBAL is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

18.  Defendants AMS and FAMIC are operated as one entity and should be treated as a single company by this Court.

19.  Defendant FAMIC has reported this debt on Plaintiff's credit report.

20.  Defendants AMS and FAMIC negligently and/or recklessly hired, supervised, trained, or selected the debt collector Defendant Global and therefore Defendants AMS and FAMIC are responsible for the damages caused by this known incompetent debt collector.  Defendants AMS and FAMIC knew or should have known that Defendant Global would violate state and federal law

but yet Defendants AMS and FAMIC continued to hire, train, retain, and use this debt collector.

21. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint.

22. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

23. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

24. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

25. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA and state law.

26. All Defendants have engaged in a pattern and practice of the intentional and reckless wrongful and unlawful behavior with respect to collection activities

and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

27.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

28.   Defendants violated the FDCPA in numerous ways, including, but not limited to the following:

   a.   Threatening criminal prosecution or misrepresenting that such was already occurring.

   b.   Misrepresenting that an IRS audit would occur.

   c.   Misrepresenting that a civil suit was or would be filed when such was not true.

   d.   Threatening garnishment when there was no judgment or ability to conduct a garnishment.

   e.   Threatening to communicate with a third party (employer) for the purpose of harassment.

   f.   Communicating with a third party (Audry Miller, Plaintiff's grandmother) in violation of the FDCPA by not merely obtaining contact information but communicating, falsely, about the criminal matters, and instilling fear and concern in the third party so that she would call Plaintiff thereby subjecting Plaintiff to humiliation.

28.  As a result of the violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages as further expressed herein, statutory damages, and cost and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### State Law Claims

29.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein

30.  Defendants invaded the privacy of Plaintiff as set forth in Alabama law by contacting Plaintiff's grandmother and put Plaintiff in a false light by the communication with Plaintiff's grandmother.

31.  Defendants AMS and FAMIC negligently and/or recklessly hired, supervised, trained, or selected the debt collector Defendant Global and therefore Defendants AMS and FAMIC are responsible for the damages caused by this known incompetent debt collector.  Defendants AMS and FAMIC knew or should have known that Defendant Global would violate state and federal law but yet Defendants AMS and FAMIC continued to hire, train, retain, and use this debt collector.

32.  Defendants, separately and severally, defamed the plaintiff by communicating untruths, false information and lies about the plaintiff to third parties which put Plaintiff in a false light.

33.     The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint.

34.     Such invasion of privacy, defamation, negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.


## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendants for the following:

A.      An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.      Plaintiff also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.


Respectfully Submitted,

**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**


**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

M. Stan Herring ASB-1074-N72M
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

Attorney for Plaintiff

**Serve defendants via certified mail at the following addresses:**

GLOBAL ASSET INVESTIGATION SERVICES, LLC
c/o Business Filings Incorporated
18 S. High Street
Columbus, OH 43215

ACCOUNT MANAGEMENT SERVICES, LLC
400 Linden Oaks Drive
Rochester, New York, 14625

FIRST AMERICAN INVESTMENT COMPANY, LLC
400 Linden Oaks Drive
Rochester, New York, 14625